IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CARMENT T. TEDFORD,                                            PLAINTIFF,

VS.                                            CIVIL ACTION NO. 3:08CV026-P-A

CHARLA L. COTHRAN,                                            DEFENDANT.

## ORDER

This matter comes before the court upon Defendant's motion *in limine* to exclude from testifying at trial all of the plaintiff's treating physicians [40]. After due consideration of the motion and the response filed thereto, the court finds as follows, to-wit:

The defendant argues that the testimony of Drs. Alan Kraus, Jolie Porter, Phillip Greene, and Glenn Crosby should be excluded because the plaintiff's expert disclosures were filed almost a month after the expert designation deadline and the disclosures did not adequately provide "the facts known and opinions held by the treating physician(s) and a summary of the grounds therefor" pursuant to Local Rule 26.1(A)(2)(d).

In her response, the plaintiff concedes that she does not intend to call Drs. Alan Kraus, Jolie Porter, or Phillip Greene but she does desire to call Dr. Glenn Crosby. The plaintiff argues that the defendant was fairly informed of the identity of the treating physicians in her initial disclosures and her deposition and that the defendant has had the plaintiff's full medical file as well as Dr. Crosby's July 17, 2007 opinion letter since a pre-suit settlement conference. The plaintiff also argues that the defendant's expert, Dr. James C. Varner, has already based his opinions upon the medical records and Dr. Crosby's opinion letter given that Dr. Varner has not examined the plaintiff.

When determining whether Fed. R. Civ. P. 37 sanctions are warranted for a failure to

1

disclose expert witnesses, the court must consider four factors: "(1) the importance of the witness's testimony; (2) the prejudice to the opposing party of allowing the witness to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to identify the witness." *Bradley v. United States*, 866 F.2d 120, 125 (5th Cir. 1989).

Regarding the first factor, it is undisputed that Dr. Crosby's testimony is important since he would be the plaintiff's sole treating physician expert. As to the second factor, the court concludes that since the defendant has not disputed that they have possessed all of the plaintiff's medical records, including Dr. Crosby's charts and opinion letter, at least before the October 16, 2008 deadline by which the plaintiff was to file her expert designations, the defendant has neither been unfairly ambushed nor unfairly prejudiced. Regarding the third factor, the court concludes that a trial continuance is unnecessary. However, since the discovery deadline passes on January 16, 2009, the court concludes that the defendant may depose Dr. Crosby out of time if necessary. As to the fourth factor, the court observes that the plaintiff did not provide an explanation for filing her expert designations almost a month late.

Balancing these findings, the court concludes that the plaintiff's failure to file her expert designations in a timely manner was harmless error. According, the defendant's motion *in limine* to exclude the testimony of Dr. Glenn Crosby should be denied, but granted as to the other treating physicians.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendant's motion *in limine* to exclude from testifying at trail all of the plaintiff's treating physicians [40] is **GRANTED IN PART AND DENIED IN PART**; specifically,

(2) The motion is granted insofar as the testimony at trial of Drs. Alan Kraus, Jolie Porter, Phillip Greene shall be excluded as untimely and upon concession by the plaintiff;

(3) The motion is denied insofar as it seeks to exclude the testimony of Dr. Glenn Crosby; and

(4) The defendant may conduct an out-of-time deposition of Dr. Glenn Crosby if necessary.

**SO ORDERED** this the 15th day of January, A.D., 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE